## 9584

### WATERLOO SCHOOL DIST. NO. 14 v. CROSS HILL SCHOOL DIST. NO. 6.

(91 S. E. 257.)

1. SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES.—Const., art. XI, sec. 5, provides that the General Assembly shall provide for the division of counties into suitable school districts, but that the present division shall remain until changed by the General Assembly. School act 1896 (22 St. at Large, p. 161), sec. 31, provides that the county boards of education shall divide their counties into convenient school districts, but that the present division of the counties into school districts shall remain until changed by the county boards of education. Sec. 62 of that act provides that nothing in the act shall be construed to repeal the acts of the General Assembly creating special and graded school districts. In 1900 (23 St. at Large, p. 360), said sec. 31 was amended so as to authorize county boards of education to divide their counties into convenient school districts and to alter the lines thereof, and create additional school districts, etc. *Held,* that prior to the 1900 amendment of said sec. 31, the county boards of education could alter the lines of any school district that had not been created by act of the legislature, and that after such amendment these county boards could alter the lines of any school district, whether or not created by act of the legislature.

2. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—COUNTY BOARDS OF EDUCATION.—Const., art. III, sec. 1, providing that the legislative power shall be vested in the Senate and House of Representatives, is not infringed by act 1896, sec. 31, as amended in 1900, authorizing county boards of education to alter lines of school districts, such legislation not being an attempt to delegate legislative powers to the county boards of education, but merely to define their powers and duties, as authorized by Const., art. XI, sec. 3, providing that the General Assembly shall define the powers, duties, etc., of

school officers; there being a marked distinction between the imposition of a duty and the delegation of a legislative power.

3. CONSTITUTIONAL LAW—CONSTRUCTION—POWER OF GENERAL ASSEMBLY—GRANT OR LIMITATION.—The powers of the General Assembly are plenary as to all matters of legislation, unless limited by some provision of the Constitution.

4. SCHOOLS AND SCHOOL DISTRICTS — ALTERATION OF BOUNDARIES — REVIEW.—The decision of a county board of education, altering the lines between school districts, is appealable to the State board of education.

APPLICATION IN ORIGINAL JURISDICTION FOR CERTIORARI. REFUSED.

Original application for *certiorari* by the Waterloo School District No. 14 against Cross Hill School District No. 6.

*Mr. F. P. McGowan,* for petitioner, cites : *As to creation and alteration of school districts:* 21 Statutes 1076; 20 Stats. 49 and 1409; Const. 1868, art. X, Revised Statutes 1872, p. 248; 60 S. C. 46; 19 Stats. 1050; Const. 1895, art. XI, sec. 5; XVII, sec. 11; U. S. Const., art. I, sec. 10; XIV Am., sec. 1; 54 S. C. 277; 57 S. C. 129, 317; 22 Stats., p. 150, secs. 31 and 62; 23 Stats. 360; Civil Code 1912, sec. 1792; *77* S. C. 351; 84 S. C. 271. *As to estoppel:* 102 S. C. 361; 97 S. C. 116. *Jurisdiction of county board of education:* 13 S. C. 201; 104 S. C. 472; 13 S. C. 368; 1 Strob. 1; 1 Bail. 467 and 611; 2 Peters 169; 1 Tidd's Prac. 931; Freeman Judgments, sec. 117. *Laches:* 82 S. C. 264.

*Mr. Richey* and *Messrs. Simpson, Cooper & Babb,* for respondents.

February 8, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an application to the Court in the exercise of its original jurisdiction, for a writ of *certiorari,* to review the

judgment of the State board of education, reversing the decision of the county board of education of Laurens county, which was to the effect that the territory in question, formerly constituting a part of Waterloo school district and now claimed by Cross Hill school district. should be restored to Waterloo school district.   Cross Hill school district and Waterloo school district were created by acts of the legislature, respectively, in 1893 (21 St. at Large, p. 651) and 1894 (21 St. at Large, p. 1076).   About the year 1901 the county board of education of Laurens county altered the dividing line between said school districts, so as to take from Walterboro school district a part of its territory, and place it in Cross Hill school district.   In 1915 Waterloo school district filed a petition with the county board of education, alleging that the action of the former county board of education in transferring the said territory from Waterloo school district to Cross Hill school district was in excess of its powers, and therefore null and void, and prayed that said territory be restored to it.   The county board of education rendered its decision, in favor of Waterloo school district, and Cross Hill school district appealed to the State board of education.

The main question raised by the proceedings in *certiorari* is whether the action of the county board of education was in excess of its powers, when it took the territory in question, and gave it to Cross Hill school district.   Section 5, art. XI of the Constitution is as follows:

"The General Assembly shall provide for a liberal system of free public schools, * * * and for the division of the counties into suitable school districts, * * * *Provided,* * * * That nothing in this article contained shall be construed as a repeal of the laws under which the several graded school districts of this State are organized.   The present division of the counties into school districts, and the provisions of law now governing the same shall remain until changed by the General Assembly."

Section 31 of the act adopted in 1896 (22 St. at Large, p. 161) contains the following provisions:

"The county boards of education shall divide their counties into convenient school districts. * * * The present division of the counties into school districts shall remain until changed by the county boards of education."

Section 62 thereof provides that:

"Nothing contained in this act shall be construed to repeal the acts of the General Assembly creating special and graded school districts, and the provisions of said acts shall apply to said school districts. * * *"

In 1900 (23 St. at Large, p. 360) section 31 of said act was amended, so as to read as follows:

"The county boards of education shall divide their counties into convenient school districts * * * and shall alter the lines thereof, and create additional school districts, from time to time, as the interests of the schools, may, in their judgment, demand."

Section 5, art. XI, of the Constitution imposed upon the General Assembly the duty of providing for a liberal system of free public schools and the division of the counties into suitable school districts. That section also provided that the division of the counties into school districts then existing, and the laws governing the same, at that time should remain of force until changed by the General Assembly, but no longer. Therefore, when the act of 1896 was passed by the General Assembly, the proviso in section 5, art. XI, of .the Constitution became inoperative, as its purpose had been subserved. Sections 31 and 62 of the act of 1896, when construed together, show that it was the intention of the General Assembly to impose upon the county boards of education the duty of dividing their counties into convenient school districts, but prohibiting them from changing the boundary lines of those school districts that had been created by acts of the General Assembly.

After giving that system a trial, no doubt it was found that the provision prohibiting the county boards of education from interfering with the boundary lines of the school districts which had been formed by acts of the legislature was disappointing in its results, and hampered the county boards of education in the discharge of their duties. Accordingly the General Assembly passed an act in 1900, amending the act of 1896, in the manner hereinbefore stated. Before the passage of that amendment, the county boards of education were vested with the power to alter the lines of any school district that had not been created by act of the legislature. The only reason that can be assigned for its enactment is that it was intended to empower the county boards of education to alter the lines of school districts that had been created by acts of the legislature; otherwise it would be without any force and effect whatever.

It is contended by the petitioner's attorney that the act of 1896 was unconstitutional on the ground that the General Assembly could not delegate to the county boards of education the power to divide the counties into school districts. Section 1, art. III, of the Constitution is as follows:

"The legislative power of this State shall be vested in two distinct branches, the one to be styled the 'Senate' and the other the 'House of Representatives,' and both together the 'General Assembly of the State of South Carolina.' "

Section 3, art. XI, of the Constitution is as follows:

"The General Assembly shall make provision for the election or appointment of all other necessary school officers, and shall define their qualifications, powers, duties, compensation and terms of office."

The principle is well established that the powers of the General Assembly are plenary, as to all matters of legisla-

tion, unless limited by some provision of the Constitution. Not only is there no provision in the Constitution prohibiting the General Assembly from vesting the county boards of education with authority to divide the counties into convenient school districts and alter the lines thereof whenever in their judgment it would be for the best interests of the public schools, but section 3, art. XI, of the Constitution in express language confers upon the General Assembly the power to define the qualifications, powers, duties, compensation and terms of office of the county school officers. The General Assembly has not attempted to delegate its powers to the county boards of education, but merely to define their powers and duties. The distinction is marked between the imposition of a duty and the delegation of legislative power.

Our conclusion is that the county board of education was acting within the scope of its authority when it altered the lines between Waterloo and Cross Hill school districts in the first instance, and that it also had the power to restore the territory which it had taken from Waterloo school district and given to Cross Hill school district, but that their decision was appealable to the State board of education.

It is the judgment of this Court that the petition be dismissed.