## ROSEBUD INDEPENDENT SCHOOL DIST. et al. v. RICHARDSON et al.
## (No. 592.)

Court of Civil Appeals of Texas. Waco. Jan. 5, 1928.

1. Schools and school districts ⊚⇒36—County school trustees could change boundaries of independent school district created by Legislature, where, in their judgment, public good demanded changes (Rev. St. 1925, arts. 2676, 2766, 2681, 2682; Sp. Laws 39th Leg. [1926] 1st Called Sess. c. 43).

Under Rev. St. 1925, arts. 2676, 2766, 2681, 2682, county school trustees of Falls county had authority to change boundaries of Rosebud independent school district created by Legislature (Sp. Laws 39th Leg. [1926] 1st Called Sess. c. 43), and incorporated for school purposes only, where, in judgment of trustees, public good demanded change.

2. Schools and school districts ⊚⇒36—Authority of county school trustee to change boundary lines of school districts is not confined to common school districts (Rev. St. 1925, arts. 2676, 2766, 2681, 2682).

Under Rev. St. 1925, arts. 2676, 2766, 2681, 2682, authority of county school trustees to change boundary lines of school districts is not confined to common school districts.

3. Schools and school districts ⊚⇒22—Provision of statute relating to school districts created by special acts, not brought forward in 1925 revision, was repealed (Rev. St. 1925, art. 2763; Rev. St. 1911, art. 2856).

Provision of Rev. St. 1911, art. 2856, providing that school districts created by special acts of Legislature are placed under same laws relating to incorporated school districts and that provisions of such special acts in conflict with general law are repealed "except in so far as those acts relate to the boundaries established by acts incorporating such districts," not having been brought forward in 1925 revision, Rev. St. 1925, art. 2763, was repealed.

───

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. **Schools and school districts** ⊕48(6)—Board of county school trustees may exercise any power authorized by law (Rev. St. 1925, arts. 2676, 2681)..

Though a creature of the law, board of county school trustees, provided for by Rev. St. 1925, art. 2676, may exercise any power authorized by article 2681, and other provisions of law.

5. **Schools and school districts** ⊕35—Statute relating to changing or abolishing independent school districts includes those created by special acts of Legislature (Rev. St. 1925, art. 2767).

Rev. St. 1925, art. 2767, relating to changing or abolishing independent school districts incorporated for free school purposes, includes independent school districts created by special acts of Legislature.

6. **Statutes** ⊕225—All statutes relating to same subject, although passed at different sessions of Legislature, must be construed together.

All statutes relating to same subject (in pari materia), although passed at different sessions of Legislature, must be construed together and as parts of same act.

7. **Statutes** ⊕225—Special act creating independent school district and other statutes relating to same general subject must be construed together (Sp. Laws 39th Leg. [1926] 1st Called Sess. c. 43; Rev. St. 1925, arts. 2676, 2681, 2682, 2763, 2765, 2766).

Sp. Laws 39th Leg. (1926) 1st Called Sess. c. 43, creating Rosebud independent school district and Rev. St. 1925, arts. 2676, 2681, 2682, 2763, 2765, 2766, relate to same general subject of public education and must be taken together and so construed in reference to each other, as that, if practicable, effect may be given to entire provisions of each.

8. **Constitutional law** ⊕63(3)—Schools and school districts ⊕22—Statutes conferring power on county school trustees to change lines of school districts created by Legislature held not delegation of legislative authority or of power to suspend laws in violation of Constitution (Rev. St. 1925, arts. 2676, 2681, 2682, 2766; Const. art. 3, § 1, and art. 1, § 28).

Rev. St. 1925, arts. 2676, 2681, 2682, 2766, conferring on board of county school trustees authority to decrease territory or change lines of independent school districts created by Legislature, *held* not delegation of legislative authority in violation of Const. art. 3, § 1, or a delegation of power to suspend laws in violation of article 1, § 28.

Appeal from District Court, Falls County; E. M. Dodson, Judge.

Suit by the Rosebud Independent School District and its trustees against W. B. Richardson and others. From an order refusing a temporary injunction, plaintiffs appeal. Affirmed.

Lightfoot, Robertson & Scurlock, of Fort Worth, for appellants.

Oltorf & Oltorf, of Marlin, and Henderson, Kidd & Henderson, of Cameron, for appellees.

STANFORD, J. Suit by the Rosebud independent school district and its trustees against the county school trustees of Falls county and the individual members of said board, the county superintendent of Falls county, as the secretary of said county board, and against the Hamilton school district and its individual trustees, the Powers Chapel school district and its individual trustees, the county tax assessor and county treasurer of Falls county. The relief sought was a decree annulling and holding void the action and order of the county school trustees of Falls county in creating the Hamilton school district and a part of the Powers Chapel school district out of a portion of the territory included in the Rosebud independent school district; also seeking to enjoin said county board from changing or attempting to change any of the lines of the Rosebud independent school district as created by a special act of the Legislature, and from in any manner interfering with the Rosebud independent school district and its trustees and its officers from assessing and collecting the taxes for school purposes in any portion of the territory included within the Rosebud independent school district as defined in said special act of the Legislature, etc. On a hearing of appellant's petition for a temporary injunction, the court refused same, from which order appellants have appealed, and present the record here for review. A more complete statement of the case will be made in our disposition of appellant's propositions.

By their third and fourth propositions, appellants contend, in effect, that the board of county school trustees of Falls county had no right to create the Hamilton school district out of the territory included in the Rosebud independent school district as created by a special act of the Legislature, and that said board had no right to detach and take away from the Rosebud independent district territory belonging to said district and attach same to the Powers Chapel school district, and that the acts of said board in so doing were unauthorized and null and void. Appellees contend that the action of said board in so doing was within the scope of their power, and so their action in so doing was legal and valid. So the one decisive question involved in this appeal is, Did the county school board have authority to perform the acts of which complaint is made?

The record discloses that by a Special Act of the Legislature, passed at the First Called Session of the Thirty-Ninth Legislature, and being chapter 43 of said Acts as shown on page 135, Special Laws passed at said session, and which became effective on October

13, 1926, the Rosebud independent school district was created for school purposes only in Falls county, Tex., including all of the then present Rosebud independent school district and other lands and territory adjacent thereto, including all of the Hamilton school district and a part of the territory of the Powers Chapel school district. The provisions of this special act will be referred to hereafter. On May 2, 1927, there was held at Marlin, Tex., as provided by law, a regular meeting of the Falls county school trustees at which all members were present, and F. J. Turner, county superintendent, acted as secretary, and there came on to be heard by said Falls county school trustees petitions from citizens of the Rosebud independent school district, also from the former Hamilton school district No. 60, also from citizens of the territory formerly belonging to the Powers Chapel school district No. 6, for restoration of said Hamilton school district in its entirety, and for restoration of certain territory from the Rosebud independent school district to the Powers Chapel district—in other words, these petitions were to restore to the Hamilton and Powers Chapel districts, respectively, the territory which had been by the special act of the Legislature taken from them and added to the Rosebud independent school district. Due notice of these petitions and the date for the hearing on same was given to the board of trustees of the Rosebud independent school district, and said trustees appeared in person and by counsel. After a full hearing on said petitions, the county school board entered its order restoring to the Hamilton school district and the Powers Chapel district, respectively, the territory which had been taken from said districts and added to the Rosebud independent school district. Said county board also restored to said two districts all school property belonging to said districts, respectively, before they were added to the Rosebud district, and in its order recited many reasons why it was advisable and for the general good that said two districts should be restored as they were before the passage of the special act. At the time the special act was passed, the Rosebud independent school district had a bonded indebtedness of $85,000, the Hamilton school district $3,000, and the Powers Chapel district no indebtedness. After the passage of the special act and prior to the action of the county school board restoring to the Hamilton and Powers Chapel districts the territory formerly belonging to them, respectively, the Rosebud independent school district as it existed during this interval created no bonded indebtedness. There is no contention that the action of the county board, in restoring said two districts to their former condition, was in any way irregular, inequitable, or not for the best interest of all concerned. The sole question is whether the county school trustees were authorized to make the order changing the boundaries of the Rosebud independent school district.

Article 2766, Revised Statutes of 1925, provides:

"The commissioners' court of any county shall have the authority to change the boundaries of any independent district incorporated for free school purposes only, situated in said county, when in the judgment of said court the public good demands such change; provided, that the president of the board of trustees of the independent district to be affected by the proposed change shall first be notified, and said board of trustees shall have the right to be heard in case there is opposition to the change. No such change shall be made that would reduce the total value of taxable property in any independent district against which there are outstanding bonds legally issued."

This statute was enacted in 1911, and has been carried forward in the several revisions in practically the same language as above.

Article 2676, Revised Statutes 1925, provides in part:

"The general management and control of the public free schools and high schools in each county shall be vested in five county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the common school districts of the county, and one from each commissioners' precinct by the qualified voters of each commissioners' precinct," etc.

Article 2681 provides in part:

"The county school trustees are authorized to exercise the authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts, and making changes in the school district lines," etc.

Article 2682 provides:

The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

[1] The last two articles were enacted in 1915 and have been brought forward in the revision of 1925 as above. We think there can be no doubt but that article 2766 (article 2866, 1911 Revision) of our statutes conferred upon the commissioners' court of a county the authority to change the boundaries of any independent school district, incorporated for school purposes only, situated in such county, when in the judgment of said court the public good demands such change. And, we think, it is equally clear that article 2681 (article 2749c, 1918 Supp. Vernon's 1911 Revision) conferred upon the county school trustees the same authority, and that, under the law as it now exists and has existed since 1915, the county school trustees of a county have the authority to change the boundaries of any independent school district incorporated for free school purposes only, situated in such county, when in the judgment of said board the public good demands such change.

The intention of the Legislature in the above articles, we think, is clearly expressed. Of course, if there be situated within such independent school district an incorporated town or city, and such town or city by a majority vote of the property taxpaying voters of said town or city, at an election held for that purpose, assumes control of the public free schools within its limits, said district thus becoming a municipal district, and such town or city thus adding an additional corporate function, to wit, the exclusive control of the public free schools within its limits, said district thus ceasing to be one incorporated for school purposes only, then the county school board would have no authority to change the lines of such district. Article 2768 et seq. of the Revised Statutes. But such is not the status of the Rosebud independent school district, which is incorporated for school purposes only, and is subject to the control of the county school board under the general law. Articles 2676, 2766, 2681, and 2682; Martin v. Grandview Independent School Dist. (Tex. Civ. App.) 266 S. W. 607 (writ refused); Hill County School Trustees v. Melton et al. (Tex. Civ. App.) 199 S. W. 1142 (writ dismissed); Hooker et al. v. State ex rel. Brannon (Tex. Civ. App.) 197 S. W. 481 (writ refused).

[2] Appellant contends the authority of the county school trustees to change the lines of school districts is confined to common school districts, and as supporting such contention says the members of said board are to be elected by the qualified voters of the common school districts only. In this we think appellant is in error. The statute (article 2676) provides:

"One of whom shall be elected from the county at large by the qualified voters of the common school districts of the county, and one from each commissioners' precinct by the qualified voters of each commissioners' precinct," etc.

[3, 4] The fact that, in the title to the act embodying article 2681, some of the provisions relating to school districts are limited to common school districts, while the provisions authorizing the county board to change school district lines are not so limited, tends very strongly to support the construction our appellate courts have given said article for many years. Appellants quote from the Acts of 1909 (article 2856, Rev. Statutes of 1911) providing that school districts created by special acts of the Legislature are placed under the general laws relating to incorporated school districts, and that the provisions of such special acts in conflict with the general law are repealed, "except in so far as those acts relate to the boundaries established by the acts incorporating such districts." This provision of article 2856 of the former revision was not brought forward in the 1925 revision and is therefore repealed (article 2763, Rev. Statutes 1925), while article 2866, Revised Statutes 1914 (Vernon's Sayles'), enacted in 1905, authorizing the commissioners' court to change the boundaries of any independent district incorporated for school purposes only, has been brought forward in all revisions in practically the same language, being now article 2766 of the 1925 revision; and article 2849f, Revised Statutes of 1914 (Vernon's Sayles'), enacted in 1911, conferring the same powers pertaining to the public free schools of the county that have heretofore been vested in the commissioners' court, etc., upon the county school board, has been brought forward in all the revisions of our statutes in practically the same language, being now article 2681 of the 1925 revision. Though a creature of the law, the board of county school trustees may exercise any power authorized by law, and clearly, we think, the law authorized such board to change the boundaries of any independent school district incorporated for school purposes only.

[5] Under appellant's sixth proposition, the contention is made that if the Legislature has conferred upon the county school trustees authority to change the lines of independent school districts incorporated for school purposes only, including those created by special acts of the Legislature, then such legislation as to independent districts is in violation of section 1, art. 3, of the Constitution of this state, vesting all legislative power in the Legislature of the state of Texas, and also in violation of section 28, art. 1, of said Constitution, providing that no power of suspending law in this state shall be exercised except by the Legislature. Article 2767, Revised Statutes, provides:

"All independent school districts incorporated for free school purposes within the state of Texas may be changed or abolished in the same way that is provided for the change or abolishment of a town and village or city and town, as provided by law; provided that no such district shall be diminished, changed, or abolished while it has an outstanding debt, either of bonds or otherwise, as authorized by law, against it."

There can be no question but that this article includes independent districts created by special acts of the Legislature, Article 1241 et seq. of the Revised Statutes of 1925, enacted in 1895, provides that cities and towns incorporated under the general law, and cities and towns of 10,000 inhabitants or less, chartered under special laws, etc., may abolish their corporate existence by a majority vote of the qualified voters of such city or town. It necessarily follows from the provisions of the above two articles that the Rosebud independent school district, created October 13, 1926, by special act of the Legislature, could have been abolished at any time thereafter by a majority vote of the qualified voters of said district. Article 2765 provides a method of enlarging only such independent districts as contain less than 25 square miles. The Rosebud district created by the act in

question contained 35½ square miles, so said district could not be enlarged in the manner provided and by virtue of article 2765 alone; hence the special act in question specifically provided in section 9 of said act for the enlargement of said district by adding contiguous territory by action of the board of trustees of said district and a majority vote of the qualified voters of the territory proposed to be added.

[6, 7] All statutes relating to the same subject (in pari materia), although passed at different sessions of the Legislature, must be construed together and as parts of the same act. Conley et al. v. Daughters of the Republic, 106 Tex. 80, 156 S. W. 197, 157 S. W. 937. It will be observed that the special act in question as to the Rosebud independent school district, and all the other articles referred to above, relate to the same general subject of public education, and are to be taken together and so construed, in reference to each other, as that, if practicable, effect may be given to the entire provisions of each, and when so considered the various articles of our statutes pertaining to public education, including the special act in question, are harmonious and can be given effect in their entirety. The special act creating the Rosebud independent district made no provision for the abolishment of said district, and it was not necessary that it should, for articles 2767 and 1241 et seq., then and now in effect, made such provision. Said special act did provide for the enlargement of said district, because there was no statute then in existence providing for its enlargement as it contained more than 25 square miles. Said special act made no provision for reducing the size or changing the lines of said district, and it was not necessary for it to do so, for articles 2766 and 2681, which were then and now in effect, conferred such authority upon the county school trustees. The members of the Legislature who enacted the special provision creating the Rosebud independent school district were familiar with the then existing statutes pertaining to the public free schools, and knew that, articles 2766 and 2681 conferred authority upon the county school board to reduce the size, change the boundaries, etc., of all independent school districts created for school purposes only, and that our appellate courts had for many years been so construing said articles.

[8] We think, also, it is clear that the act of the Legislature in conferring upon the county school board the authority to reduce the territory of all independent school districts was not in violation of our state Constitution. Our Legislature has authorized the qualified voters of an independent school district created by a special act, by a majority vote, to enlarge or abolish such district, and has also authorized the board of coun-

ty trustees, another agency, to reduce the territory and change the boundaries of such independent districts. In fact, we do not think the law formerly authorizing the Legislature to create, by special acts, independent districts for school purposes only, contemplated the reduction, enlargement, or abolishment of such districts by the Legislature, but only by the agencies as provided by the general law, and this, we think, was a wise provision, as independent districts were often created by the Legislature when but very few, if any, of its members knew of the real needs and conditions in such districts, and when probably the great majority of the residents of such districts were not aware such action was being taken and had no opportunity to be heard. The Legislature had the authority to create such districts and, we think, had the power to invest the board of county trustees with authority to decrease the territory or change the lines of such districts, and the conferring of such power upon said boards was in no sense a delegation of legislative authority or a delegation of the power to suspend laws. Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915; Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264 (writ refused); Washington Heights, etc., v. City of Fort Worth (Tex. Civ. App.) 251 S. W. 341; Stanfield v. State, 83 Tex. 317, 18 S. W. 577; Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Mulkey v. State, 83 Tex. Cr. R. 1, 201 S. W. 991; Spears v. City of San Antonio, 110 Tex. 618, 223 S. W. 166; Waterloo School Dist. v. Cross Hill School Dist., 106 S. C. 292, 91 S. E. 257; 12 C. J. 863; 29 C. J. 504.

We have considered all of appellant's contentions, and, finding no reversible error, the judgment of the trial court is affirmed.