

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 23, 1986

Mr. Allen Parker, Sr.
Commissioner
Texas Department of Labor and
   Standards
P. O. Box 12157
Austin, Texas 78711

Opinion No. JM-483

Re: Constitutionality of article 6687-9a, V.T.C.S., and related questions

Dear Mr. Parker:

You ask several questions about the Vehicle Storage Facility Act, article 6687-9a, V.T.C.S., which was enacted by the Sixty-ninth Legislature. The act authorizes the Texas Department of Labor and Standards to "issue licenses to operate vehicle storage facilities" and to "adopt rules establishing requirements for the licensing of persons to operate vehicle storage facilities to ensure that licensed storage facilities maintain adequate standards for the care of stored vehicles." V.T.C.S. art. 6687-9a, §4.

Your first question concerns the "local option" provision of the act. Section 13(a) of the act provides:

> The governing body of a city by ordinance may provide that this article and rules adopted under this article do not apply inside the limits of the city.

In regard to that provision you ask whether

> the ordinance adopted by a city pursuant to article 6687-9a(13) must be as stringent as that article or rules and regulations adopted by the Texas Department of Labor and Standards.

Your question assumes that the act requires a city to adopt an ordinance regulating vehicle storage facilities if it chooses to exempt itself from regulation under article 6687-9a. The act does not require cities to do so. It simply authorizes a city to adopt an ordinance that makes article 6687-9a inapplicable inside the city limits of that city.

You also ask about the constitutionality of section 13(a). Although the question is a difficult one, we conclude that section 13(a) is unconstitutional under article I, section 28, of the Texas Constitution, which provides:

> No power of suspending laws in this State shall be exercised except by the Legislature.

In 1915 the Supreme Court held that a statute authorizing voters to decide whether the operation of a pool hall would be a criminal offense in a particular county violated article I, section 28. Ex parte Mitchell, 177 S.W. 953 (Tex. 1915). The court held that the statute would permit the voters in a county to suspend a general law that allowed the licensing of pool halls. Accord, Iyle v. State, 193 S.W. 680 (Tex. Crim. App. 1917). See also Brown Cracker & Candy Co. v. City of Dallas, 137 S.W. 342 (Tex. 1911) (city ordinance permitting houses of prostitution unconstitutionally suspended state law prohibiting them).

Since Mitchell, however, the courts have upheld a number of statutes allowing political subdivisions to choose whether to accept the provisions of a general law. See City of Fort Worth v. Fire Department of City of Fort Worth, 213 S.W.2d 347 (Tex. Civ. App. - Fort Worth 1948), aff'd in part, rev'd in part on other grounds, 217 S.W.2d 664 (Tex. 1949) (upheld statute that allows voters of city to accept the provisions of a general law permitting cities to provide a police and firemen's civil service system); Reynolds v. Dallas County, 203 S.W.2d 320 (Tex. Civ. App. - Amarillo 1947, no writ) (upheld statute that authorizes county commissioners courts to adopt provisions of voting machine law); Rosebud Independent School District v. Richardson, 2 S.W.2d 513 (Tex. Civ. App. - Austin 1928, no writ) (upheld statute that allows county school trustees to change the lines of legislatively created school districts); Sullivan v. Roach-Manigan Paving Co. of Texas, 220 S.W. 444 (Tex. Civ. App. - San Antonio 1920, writ dism'd) (upheld statute that authorizes city to accept provisions of street improvement statute); see also Attorney General Opinion MW-11 (1979) (statute is constitutional that exempts automobiles from ad valorem taxation except where local taxing jurisdictions choose to impose a tax on automobiles).

For several reasons, we do not think that the cases cited above control the issue before us. Those cases are based on a rule that is considered an exception to the general language of limitation in the constitution. See Reynolds, 203 S.W.2d at 324; see also Attorney General Opinion MW-11 (1979). That exception applies when the legislature has given a municipality the authority to determine whether a general statute shall become effective within the jurisdiction of the municipality in situations in which it would be impossible for the legislature to determine whether the benefits of

the general statute are needed in that municipality. Reynolds, 203
S.W.2d at 324. That exception does not apply here. Article 6687-9a
provides for the licensing of operators of vehicle storage facilities.
The purpose underlying article 6687-9a is to ensure that storage
facilities maintain adequate standards for the care of stored
vehicles. V.T.C.S. art. 6687-9a, §4. We see no reason why the
standards or the need for standards should vary from city to city.
Therefore, the rationale of Reynolds and similar cases does not apply
in this instance. Where the exception set out in Reynolds is
inapplicable, we think the general rule of unconstitutionality in
Mitchell must apply.

Also, Reynolds and the other cases cited above upheld statutes
creating a situation in which the voters or the governing body of a
political subdivision could choose whether or not the political
subdivision itself would exercise certain powers provided for by
general law. Article 6687-9a, in contrast, presents a situation in
which the governing body of a city may decide that an administrative
agency may not exercise powers provided for by general law within the
city limits of the city. We do not think that the authority of a city
to limit the power of a state administrative agency can be justified
on the basis of cases that allow political subdivision to limit their
own power, particularly since those cases are an exception to the
general rule of unconstitutionality. Consequently, it is our opinion
that section 13(a) of article 6687-9a is unconstitutional.

We also hold that the unconstitutional provision of article
6687-9a is severable from the rest of the statute. An unconstitu-
tional provision does not render an entire enactment void unless it
appears that the legislature would not have enacted the statute
without the unconstitutional provision or unless the statute is
unworkable without the unconstitutional provision. Harris County
Water Control & Improvement District No. 39 v. Albright, 263 S.W.2d
944, 947 (Tex. 1954). The local option provision of article 6687-9a
is not the centerpiece of the statute, so it does not appear that the
legislature would not have enacted article 6687-9a without the local
option provision. Also, the regulatory scheme provided for by article
6687-9a can certainly be executed without the provision that allows
cities to exempt themselves from the regulatory scheme. Therefore,
the rest of article 6687-9a is valid.

Your second question is whether the Texas Department of Labor and
Standards may adopt a fee schedule governing the amount vehicle
storage facilities may charge for storage. Rules promulgated by an
administrative agency must be within the granted power and "may not
impose additional burdens, conditions, or restrictions in excess of or
inconsistent with statutory provisions." Bexar County Bail Bond Board
v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no
writ). Article 6687-9a gives the department authority to issue

licenses to persons who operate storage facilities and to make various rules regarding licensing. It gives the department no authority to regulate the fees charged by storage facilities. Therefore, the department may not adopt a fee schedule governing the amount storage facilities may charge.

### S U M M A R Y

Article 6687-9a, section 13(a), V.T.C.S., which allows cities to exempt themselves from application of the provisions of article 6687-9a, is unconstitutional. The Texas Department of Labor and Standards may not adopt a fee schedule governing the amount vehicle storage facilities may charge for storage.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General