MARY E. SAWYER v. EL PASO & NORTHEASTERN RAILWAY COMPANY.

Decided February 5, 1908.

**1.—Action—Personal Injuries—Conditions Precedent—Statute of New Mexico.**

The statute of New Mexico which requires that certain acts be performed by a party contemplating a suit for damages for personal injuries as a condition precedent to the right to maintain such a suit, does not deprive the party of his property without due process of law where the party's cause of action arose after the statute was passed. A statute which abrogates a cause of action for a personal injury before such cause of action has arisen, or before the injury occurs, or requires certain things to be done by the injured party as conditions precedent to a cause of action, does not deprive the injured party of his property without due process of law. Nor is such statute in violation of that provision of the Constitution of the United States which requires that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States.

**2.—Contract—Breach—Action—Venue.**

The prima facie rule is that the nature, obligation and interpretation of a contract, made in one State or Country, for the transportation of persons or property from a point in that State or Country to a point in another, are governed by the laws of the State or Country in which the contract is made or the transportation commences. Hence a suit for personal injuries received in the Territory of New Mexico, based upon a breach of contract made in Pennsylvania where the common law was in force, to transport a passenger from Pennsylvania to California, may be maintained in Texas notwithstanding a statute of New Mexico requiring all suits for personal injuries occurring the Territory to be brought in the courts of that jurisdiction, and the performance of certain acts as conditions precedent to the right to maintain such suit.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Frank G. Morris* and *S. Engelking,* for appellant.—The action of plaintiff being on a contract between plaintiff and defendant and other companies, made by each of them in Pittsburg, Pa., for through transportation from there to Los Angeles, California, the contract should have been treated by the court as a Pennsylvania contract and the issues as to the rights of the parties, growing out of a breach thereof by the defendant company in that it failed to observe the care imposed by the contract, should have been submitted to the jury under the Pennsylvania law and the case should not have been disposed of under the statutes of New Mexico, pleaded by the defendant. Mexican Nat. R. Co. v. Ware, 60 S. W., 34; Pittman v. Pacific Express Co., 24 Texas Civ. App., 595; 2 Wharton on the Conflict of Laws, sec. 471b; 4 Elliott on Railroads, sec. 1494; Hutchinson on Carriers, sec. 144a.

An action for tort and contract may be joined in one suit when

each cause of action is based on the same facts. Stuart v. W. U. Tel. Co., 66 Texas, 580; Hooks v. Fitzenrieter, 76 Texas, 277; Compton v. Ashley, 28 S. W., 223; Cobb v. Barber, 92 Texas, 309; Cardwell v. Masterson, 27 Texas Civ. App., 591.

The statute of New Mexico in question denies the plaintiff the equal protection of the law in that it requires a complete disclosure by plaintiff to defendant of plaintiff's case, witnesses, etc., but does not require any such disclosure by defendant to plaintiff. Riggs v. Martin, 41 Am. Dec., 103; Hanson v. Krehbiel, 64 L. R. A., 790; Davidson v. Jennings, 48 L. R. A., 340; Bennett v. Davis, 37 Atl., 864; Park v. Detroit Free Press Co., 72 Mich., 560, 1 L. R. A., 599, 16 Am. St. Rep., 544; McGee v. Baumgartner, 121 Mich., 287; South & N. A. R. Co. v. Morris, 65 Ala., 193.

*Hawkins & Franklin,* for appellee.—The verdict and judgment of the court is sustained by the law and evidence in the case, for the reason that the law of New Mexico interposed by appellee in its plea to the jurisdiction of the court, is valid and constitutional, and the appellant having failed to give the notice required by that law or to institute her suit in New Mexico, she being a nonresident of the State of Texas, the court below had no jurisdiction. Cooley's Const. Lim., 153; Southern Pac. Co. v. Dusablon, 48 Texas Civ. App., 203.

The verdict and judgment of the court is correct for the reason that the law of New Mexico pleaded and proved is valid and constitutional, and required the appellant, within ninety days after she was injured, to serve on appellee an affidavit stating the name and address of appellant, the character and extent of her alleged injuries, the manner in which the same were caused, and the names and addresses of all witnesses to the happening of the facts causing such injuries who at that time were known to appellant. And the evidence shows that appellant did not serve such affidavit on appellee. Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 185; Buttron v. E. P. & N. E. Ry. Co., 93 S. W., 677; article 4, sec. 1, U. S. Constitution; sec. 905, U. S. Revised Statutes; Embry v. Palmer, 107 U. S., 3; Hunt v. Palao, 4 Howard, 589; James v. James, 81 Texas, 379; Caughran v. Gilman, 46 N. W., 1005; Gibson v. Manufacturers' Ins. Co., 10 N. E. 729; Green v. Sanbon, 23 N. E. 224; Forsythe v. City of Hammond, 68 Fed., 774; Reeves v. Corning, 51 Fed., 788; Gulf, C. & S. F. Ry. v. Ellis, 165 U. S., 155; Houston & T. C. Ry. v. Harry, 63 Texas, 260; Norris v. Waco, 57 Texas, 642; Cohen v. Wright, 22 Calif., 293; Luke v. El Paso, 60 S. W., 364; Ft. Worth v. Shero, 16 Texas Civ. App., 487; Parsons v. Ft. Worth, 63 S. W., 889; Dallas v. Myers, 64 S. W., 683; Dallas v. Moore, 32 Texas Civ. App., 230.

The Legislature has the power to provide, insofar as future injuries are concerned, that there shall be no liability under given circumstances or prescribe conditions precedent to any such arising, and the mere fact that they are burdensome in no wise affects the validity of such legislation. Houston v. Isaacks, 68 Texas, 116; Norris v. Waco, 57 Texas, 642; Forsythe v. City of Hammond, 68

Fed., 777; Cooley, Constitutional Limitations, 153; Hoffman v. Quincy, 4 Wall., 535; Van Ness v. Pacard, 2 Pet., 137; Houston & T. C. Ry. v. Harry, 63 Texas, 260.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Mary E. Sawyer, a citizen of the State of California, against the appellee to recover $20,000 damages for personal injuries, alleged to have been inflicted in the Territory of New Mexico by the negligence of the defendant. The plaintiff's petition contains two counts: One setting up a contract made between her and a number of railroad companies, among whom was the defendant, in the city of Pittsburg, Pennsylvania, to carry her as a passenger over their respective connecting lines of road from said city to the city of Los Angeles, State of California; and alleges a breach of said contract on the part of the defendant, occurring on its road in New Mexico, by the derailment of one of its trains upon which plaintiff was a passenger, in consequence of which she was injured and sustained the damages sued for. The other count is in the ordinary form of an action by a passenger against a common carrier for damages on account of personal injuries inflicted by the defendant's negligence.

The answer of the defendant contains (1) a plea in abatement, in which is pleaded certain statutory requirements of New Mexico as conditions precedent to the institution of a suit of this nature; (2) a general demurrer; (3) a special exception to the petition, on the ground that it wrongfully joins an action *ex delicto* with one *ex contractu;* (4) a special exception upon the ground that the petition was multifarious, the second count being merely a repetition of the first; (5) a plea in which certain statutory requirements, which are contained in our conclusions of fact, the performance of which are averred to be essential to an action for personal injuries occurring in the Territory of New Mexico, it alleges were not performed by plaintiff.

By a supplemental petition, plaintiff excepted to that part of defendant's answer in which the statute in question is pleaded in bar of her action, upon the ground that the statute referred to is in contravention of the Constitution of the United States.

Defendant's general demurrer was not presented to the court; but its special exceptions were, and were sustained. However, the plaintiff did not, afterwards, amend her petition nor elect upon which count she would try the case. The exceptions of plaintiff to defendant's plea in bar were presented to the court and overruled. The case was tried before a jury, without objection from the defendant, on plaintiff's petition as it stood before the exceptions were sustained to it; and, after the testimony was introduced and certain facts agreed to by the parties were read in evidence, the court peremptorily instructed the jury to return a verdict for the defendant. It is from the judgment in favor of the defendant, entered upon a verdict rendered in obedience to the direction of the court, that this appeal is prosecuted.

As defendant's answer does not contain a general denial, nor a special denial of any essential allegation in plaintiff's petition, it

may be assumed that the matters pleaded by her were proved or were, in effect, admitted by defendant, and were such as entitled her to a recovery unless her action was defeated by the statute of New Mexico pleaded by defendant in abatement, as well as in bar of her action. The record contains the following agreement of the parties in relation to the statute in question:

"It is agreed by and between the parties hereto that there was in existence and effect in the Territory of New Mexico at the time when the plaintiff claims to have been injured, on the 7th day of February, 1905, a certain law and statute, and that such law was ever since and now is in force and effect in said Territory, and that said law and statute is the one found quoted in the judgment of the Court of Civil Appeals of the Fourth Supreme Judicial District of the State of Texas, in the case of Buttron v. El Paso & Northeastern Railway Company, as recorded on page 677, in volume 93, of the Southwestern Reporter, which law and statute is as follows: 'Hereafter there shall be no civil liability under either the common law or any statute of this Territory on the part of any person or corporation for any personal injuries inflicted or death caused by such person or corporation in this Territory unless the person claiming damages therefor shall within ninety days after such injuries shall have been inflicted make and serve upon the person or corporation against whom· the same is claimed, and at least thirty days before commencing suit to recover judgment therefor, an affidavit which shall be made before some officer within this Territory who is authorized to administer oaths, in which the affiant shall state his name and address, the name of the person receiving the injuries, if such person be other than the affiant, the character and extent of such injuries insofar as the same may be known to affiant, the way or manner in which such injuries were caused, insofar as the affiant has any knowledge thereof, and the name. and addresses of all the witnesses to the happening of the facts or any part thereof. causing such injuries as may at such time be known to affiant, and unless the person so claiming such damages shall also commence an action to recover the same within one year after such injuries occur, in the District Court of this Territory in and for the county in which such injuries occur or in and for the county of this Territory where the claimant or the person against whom such claim is asserted resides, or, in event such claim is asserted against a corporation, in the county in this Territory where such corporation has its principal place of business; and said suit after having been commenced shall not be dismissed by plaintiff unless by written consent of the defendant filed in the case, or for good cause shown to the court, it being hereby expressly provided and understood that such right of action is given only on the understanding that the foregoing conditions precedent are made a part of the law under which right to recover can exist for such injuries, except as herein otherwise provided.

" 'Sec. 2. Whenever any person or corporation shall file a petition in the District Court of this Territory for the county in which said petitioner lives, or if a corporation in the District Court for the

county in which such corporation has its principal place of business, stating in effect that such petitioner is informed and believes that some party, named in such petition, claims that he is entitled to damages from said petitioner for personal injuries inflicted in this Territory upon the party named in said petition, or for personal injuries inflicted upon or death caused to some other person for which such party claims to have a cause of action against said petitioner, and stating, as near as may be, the general character of such injuries and the manner and the date said party claims they were inflicted and the place where he claims they were inflicted, as near as petitioner knows or is informed as to such facts, and praying that the said party may be required to appear in said court and file therein a statement of his cause of action in the form of a complaint against said petitioner, summons shall issue out of the said court and be served and returnable as other process, commanding and requiring the said party named in said petition to appear in said court and file such statement in the form of a complaint against said petitioner, if he has to make, and upon such complaint being filed by such party as required, the defendant named therein may demur to or answer the same and such further pleading had as the parties may be entitled to or as may be meet and proper, as in other cases of a similar character; and from thence forward such further proceedings shall be had in such cause as in other cases and the same shall be determined upon its merits and final judgment subject, however, to appeal or writ of error, shall be rendered therein either for the petitioner named in said complaint or for the adverse party, and if the court finds the petitioner guilty of any of the wrongs, trespasses or injuries complained of against him in said statement, such damages shall be asserted against the said petitioner as the law and the facts may require, in the same manner as though said cause had been instituted by the filing of said statement as a complaint. In event said party complained of in said petition, after being duly served with such summons, shall fail or refuse to appear or file his said statement as required herein, judgment shall be rendered by default against him and in favor of the petitioner as in other cases, and thereupon the courts shall try and determine the issues raised by such petition, including the question as to whether or not the petitioner is liable to such party on account of any of the matters or things stated in said petition in any sum of money whatsoever, and, if so, in what amount, and final judgment shall be rendered in accordance with the facts and the law, and such judgment as the court may render shall be final and conclusive upon the question of the liability or nonliability of said petitioner to said party, and of the amount of the liability.'"

It seems to be conceded by plaintiff's counsel in their briefs that none of the requirements of the statute was complied with by her. It will be assumed therefore that none was.

As the assignments of error, which complain of the court's overruling plaintiff's exceptions to defendant's plea in bar of her action, and of the peremptory instruction of the court to return a verdict

for defendant, involve the constitutionality of the statute referred to, they will be first considered.

The power of Congress to govern the Territories of the United States, from whatever source it may have been derived, or on whatever course of reasoning it may be based, has been adopted as an undoubted conclusion. Congress creates territorial governments of different grades, but generally with plenary legislative power, either in the governor and judges, a territorial council, or a territorial legislature chosen by the people. By the organic Act of the Territory of New Mexico legislative power was vested in a territorial legislature elected by the citizens of the Territory.

As is said in Hornbuckle v. Toombs (18 Wall., 648, 21 L. ed., 968) : "Whenever Congress has proceeded to organize a government for any of the Territories, it has merely instituted a general system of courts therefor, and has committed to the Territorial Assembly full power, subject to a few specified or implied conditions, of supplying all details of legislation necessary to put the system into operation, even to the defining of the jurisdiction of the several courts. As a general thing, subject to the general scheme of local government chalked out by the organic Act, and such special provisions as are contained therein, the local Legislature has been intrusted with the enactment of the entire system of municipal law, subject, also, however, to the right of Congress to revise, alter and revoke at its discretion. The powers thus exercised by the Territorial Legislatures are nearly as extensive as those exercised by any State Legislature; and the jurisdiction of the territorial courts is collectively coextensive with and correspondent to that of the State courts. . . . In fine, the Territorial, like the State courts, are invested with plenary municipal jurisdiction."

The legislative power delegated by Congress to a Territorial Legislature extends to all rightful subjects of legislation, subject, however, to the disapproval of Congress itself. Vincennes University v. Indiana, 14 How., 268; Miner's Bank v. Iowa, 12 How., 1. The legislation of the Territory must not be in conflict with the law of Congress conferring the power to legislate, but a variance from it may be supposed approved by that body, if suffered to remain without disapproval for a series of years after being duly reported to it. Clinton v. Englebrecht, 13 Wall., 434; Swan v. Williams, 2 Mich., 427.

As Congress has complete control over the Territories of the United States, it may delegate to the Legislature, created by virtue of its authority, all the legislative power for its government that itself has or can exercise under the Constitution. And it may place such restrictions on the power of the Territorial Legislature as it may deem proper. The execution of the power, however, being subject to its control and approval. This power of a Territorial Legislature is not, perhaps, restricted by certain constitutional provisions which limit State legislation; but only by such as limit the legislative power of Congress itself—such, for instance, as inhibit it from passing a bill of attainder or an *ex post facto* law. We apprehend, however, that Congress can not rightfully exercise nor delegate to a Territory such legislative power as the Constitution withholds from

the States in order to protect the citizen in such rights as government can not justly deprive him of without due process of law, such as life, liberty or property.

The legislative power of a Territory being, at least, equal to that of a State, the rule that "Except where the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case (Cooley's Const. Lim., 200), if we substitute "organic Act" for "Constitution," is alike applicable to the power of both—the power of each being restrained by the Constitution of the United States. In view of this plenary legislative power of the Territory of New Mexico, we are not able to say beyond a reasonable doubt—as we shall demonstrate—that the Act under consideration is in contravention of the Constitution.

Appellant contends that it is unconstitutional, in that it deprives her of her property without due process of law. This contention is based upon the hypothesis that she has a cause of action against the appellee, which is property, and the act deprives her of it without "the judgment of her peers and the law of the land." This is *petitio principii,* in assuming that she has a cause of action. Conceding that a cause of action for personal injuries is property, the cause of action, *id est,* the property, must exist before one can be deprived of it at all. A statute which abrogates a cause of action for a personal injury before such cause of action has arisen, or before the injury occurs, or requires certain things to be done by the injured party as conditions precedent to a cause of action, does not deprive the injured party of his property without due process of law. For, in view of such a statute, the party has, or can have, no cause of action until the conditions of the statute which give it have been performed. It is certainly within the power of a Legislature to declare what facts, occurring within the jurisdiction after the passage of the Act, shall or shall not constitute a cause of action, though such facts may or may not, if occurring before the legislative enactment, have been actionable. In other words, a Legislature may create a right of action which never existed before or abolish one that had before existed, if, in doing so, it does not affect rights which vested prior thereto. A party, injured after a Legislature has taken away the right of action for personal injuries, can no. more complain of it than a party against whom a right of action is given for an injury resulting in death can of such a legislative enactment. For the one party is no more injuriously affected by such legislation than the other. In the one case, what was before actionable ceases to be so; in the other, what was not before actionable has become so.

If, then, a Legislature can abolish entirely what would otherwise be a ground of recovery, there can be no doubt that it can burden it with such conditions as it pleases. By the statute under consideration the right of action is taken away from the person claiming damages for personal injuries inflicted in the Territory, unless the claimant shall, within ninety days after such injuries were inflicted make and serve upon the person or corporation against whom the

damages are claimed, and, at least thirty days before commencing suit therefor, an affidavit before some officer within the Territory authorized to administer oaths, in which shall be stated his name and address, the name of the person receiving the injuries, the character and extent of the injuries, insofar as the same may be known to affiant, the way or manner in which such injuries were caused, insofar as the affiant has any knowledge thereof, and the name and address of all the witnesses to the happening of the facts or any part thereof causing such injuries as may at such time be made to affiant. While the Act in question does not take away entirely the right of action, it makes such an affidavit a condition precedent to its existence. Southern Pacific Co. v. Dusablon, 48 Texas Civ. App., 203. And, as before stated, as it was within the province of the Legislature to withhold any right of action for injuries occurring after the passage of such Act, and as this power involved the right to make the performance of certain acts, by the party claiming the right to sue, conditions precedent to his cause of action, we are unable to perceive any constitutional objections to its validity.

If the suit should be regarded as an action founded upon a contract, rather than upon a tort, it can not be said that the Act impairs any obligation of a contract, for no contract between the parties existed when it was passed. If it should be regarded as an action for a tort, then it may be said that the clause of the Constitution, which inhibits a State from impairing the obligation of a contract, does not forbid a State to avoid a liability for a tort, for it is not *ex contractu.* Freeland v. Williams, 131 U. S., 405. The effect of the Act under consideration upon the rights of appellant, viewed from the standpoint that they arose under a contract made in the State of Pennsylvania, will be discussed further on.

If it can be said that the clause of the Constitution which declares that "The citizen of each State shall be entitled to all the privileges and immunities of citizens of the several States," should be regarded as applicable to the Act in question, though it must be held that a Territory of the United States can not deprive a citizen of one State of such privileges and immunities as he is entitled to in, or under the laws of, another State, we are unable to perceive that the Act in question is in derogation of such provision. This provision, simply "places the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in these States are concerned. It relieves them from the disabilities of alienage in other States; it inhibits discriminating legislation against them in other States; it gives them the right to free ingress into other States and egress from them; it insures to them in other States the same freedom possessed by the citizens of those States in the acquisition and enjoyment of property and in the pursuit of happiness; and it secures to them in other States the equal protection of their laws." Paul v. Virginia, 75 U. S., 168, 19 L. ed., 358. It secures to the citizens of all the States, to the extent allowed to its own citizens of any one of them, the right to sue and defend in the courts of that State. "Equality of treatment

in this respect is not left to depend upon comity between the States, but is granted and protected by the Federal Constitution." Chambers v. Baltimore & O. R. Co., 207 U. S., 142. In short, to use the language of Mr. Justice Miller in the Slaughterhouse cases, in speaking of the purpose of this clause of the Constitution: "Its sole purpose was to declare to the several States, that whatever those rights, as you grant and establish them to your own citizens, or as you limit or qualify, or impose restrictions on their exercise, the same, neither more nor less, shall be the measure of the rights of citizens of other States within your jurisdiction."

It is clear that the Act under consideration extends every right involved in its subject matter to the citizens of the several States that it accords to the citizens of New Mexico, and imposes upon its own citizens the same limitation on the right of action for personal injuries that it does on the citizens of the several States. It operates on everybody alike; if it is unjust to one who claims damages for an injury occurring in the Territory, it is unjust to everybody who makes such a claim; and if it can be deemed just to one it must be deemed just to all.

The Act in question was passed by the Legislature of New Mexico in 1903, and does not seem to have met with the disapproval of Congress, nor of the courts of the Territory. This court has no legislative power at home and can certainly exercise none over the Territory of New Mexico. If Congress sanctions Acts of a Territorial Legislature, which cause its citizens to flee to other jurisdictions to redress their grievances; and then, under the guise of upholding the dignity of courts, which have been side-lined and string-halted by such legislation, rounds-up, corrals and forces them into the courts of the Territory, it is the affair of Congress, not ours. We will remark, however, that wherever the dignity of the courts is placed above the rights of the people, the flow of justice is mighty apt to be at a very low ebb.

The statute being valid, what effect, if any, does it have upon the right of action claimed by plaintiff? As has been seen from our statement of her pleadings, the petition contains two counts— one basing the action on a breach of contract; the other upon the commission of a tort. The allegations present a case where there is an overlapping of a contract and a tort—where the contract of carriage is undisputed, and all the facts essential to constitute the tort show, at the same time, a breach of contract. It is a case where an action as for a tort or an action as for a breach of contract may be brought by the same party on the same state of facts. Cooley on Torts (2 ed.), 104-7; Webb's Pollock on Torts, 534; Nevin v. Pullman Co., 106 Ill., 235. In such a case, it has never been denied that an action could be maintained for a breach of the contract; but the contention has always been that it could be only maintained on that ground, and not as for a tort. Though, as we have seen, an exception was sustained to the petition on the ground that it blended an action *ex contractu* with one *ex delicto,* no election was made as to upon which count she would try the case; and the case proceeded to trial on the petition as it was before, without objection from de-

fendant. We must assume that the action of the court, in overruling plaintiff's exception to defendant's answer, and in peremptorily instructing a verdict in its favor, had reference to the case as pleaded in both counts in the petition. In other words, that in overruling the exception the court must have held that the defendant's answer setting up the statute of New Mexico in bar of plaintiff's action was good against either count in her petition, and, in giving the instruction, that the undisputed evidence sustained the allegations in the plea. If the petition had not contained the first count, or had only been for the tort declared on by the second, these rulings of the court would have been indubitably correct. For when an action is based solely upon a tort, and no defense whatever is founded upon the contract, the law of the place where the tort occurred unquestionably governs. Minor's Conflict of Laws, sec. 196; Wharton's Conflict of Laws, sec. 478b. As the affidavit, required by the statute referred to as a condition precedent to an action for personal injuries, had never been made by the plaintiff, and her petition shows the injury occurred in the Territory, she had no cause of action for a tort, as distinguished from an action *ex contractu*. And we apprehend that if the contract had been made in New Mexico, instead of in Pennsylvania, as alleged, the effect of the statute would be the same.

But, as has been stated, the first count alleges that the contract was made in the State of Pennsylvania, and it was to transport plaintiff thence over several connecting lines of railway, including that of defendant, to the city of Los Angeles, California. "The *prima facie* rule is" (says Wharton on Conflict of Laws, sec. 471b) "that the nature, obligation, and interpretation (including the validity of particular stipulations) of a contract, made in one State or Country for the transportation of persons or property from a point in that State or Country to a point in another, are governed by the laws of the State or Country in which the contract is made and the transportation commences. This rule, which . . . rests upon the ground that the contract is entire and indivisible, is applied by the majority of the cases, without reference to the place where the supposed violation of the contract occurred." See also Page on Cont., sec. 1717; Hutch. Con., secs. 201, 144a; Pittman v. Pacific Exp. Co., 24 Texas Civ. App., 595; Illinois Cent. R. R. Co. v. Beebe, 174 Ill., 13, 43 L. R. A., 210, 66 Am. St. Rep., 253; Johnson v. Western U. Tel. Co., 10 L. R. A. (N. S.), 257.

It being alleged by the plaintiff that under the laws of Pennsylvania, where the contract is alleged to have been made, the common law governs a contract of this character, and there being no denial of such allegation, or that the contract was made there, it follows from the authorities cited that the Act of the Territory of New Mexico pleaded in bar of the action, did not affect plaintiff's rights under the contract as pleaded in the first count of her petition, and that the court erred in overruling the exception to defendant's answer pleading such statute in bar of plaintiff's action for a breach of the contract and in peremptorily instructing a ver-

dict for the defendant. For which errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Chief Justice James did not sit in this case.