DISTRICT TRUSTEES OF DIST. NO. 46 AND FREESTONE COUNTY, v. COUNTY TRUSTEES OF FREESTONE COUNTY.

No. 2705.

Court of Civil Appeals of Texas. Waco.

Oct. 10, 1946.

Rehearing Denied Nov. 27, 1946.

W. W. Mason, of Mexia, for appellants.

R. W. Williford, of Fairfield, and Bowlen Bond, of Teague, for appellee.

HALE, Justice.

This is an appeal from an interlocutory order denying an application for a temporary injunction. Appellant, "District Trustees of District No. 46, and County of Freestone, State of Texas," filed the suit on August 9, 1946, against appellee, "County Trustees of Freestone County," alleging in substance that on August 5, 1946, appellee had unlawfully and improperly entered an order classifying both the white and negro school in appellant's district as sixth grade elementary schools, thereby eliminating the teaching of the seventh and eighth grades

580

from each school for the year 1946–47. Appellant sought and secured, without notice or a hearing, the immediate issuance of a temporary restraining order. It also prayed that upon notice and a hearing it be granted a temporary injunction restraining and enjoining appellee from forcing it "to open for the 1946–47 school term without teaching the seventh and eighth grades in the elementary schools." On August 29, 1946, after notice and a hearing on the application for a temporary injunction, the court entered an order denying the same and hence this appeal.

Appellant says that judgment should be reversed because the action of appellee in attempting to classify its schools as sixth grade elementary schools was and is void. In support of such contention it urges in effect that appellee had no lawful authority in classifying its schools to designate the number of grades to be taught therein and that the attempt to do so, if carried out, would result in a partial abandonment of, or a merger with, another district and a forced transfer of students to another district in a manner unauthorized and expressly prohibited by law. It further urges that such action was an attempt on the part of appellee to circumvent the provisions of the statutes of the State of Texas, was arbitrary, improper, and amounted to legal fraud.

 The powers and duties of public school officials, such as the State Superintendent of Public Instruction, county superintendents, trustees of county boards and common school districts, are prescribed by statute. Arts. 2655–2922 of Vernon's Tex. Civ.Stats. Hence, these officials can properly exercise only such powers and perform only such duties as are expressly defined by statute, or as are necessarily implied therefrom. State Line Consol. School Dist. et al. v. Farwell Independent School Dist. et al., Tex.Com.App., 48 S.W.2d 616, pt. 2. However, since the statutes defining such powers and duties constitute a part of the complete educational code of the State, they are in pari materia and should be construed together. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20, pt. 2; Bishop v. Houston Independent School District,

119 Tex. 403, 29 S.W.2d 312, pt. 2; Rosebud Independent School District v. Richardson, Tex.Civ.App., 2 S.W.2d 513, pt. 6.

 Arts. 2656, and 2657, supra, vest in the State Superintendent of Public Instruction broad discretionary powers in the issuance of instructions and regulations binding for observance on officials in the management of school affairs. Art. 2678a provides that the county board of school trustees, in the regular meeting in May of each year or as soon thereafter as practicable, shall classify the schools of the county in accordance with such regulations as the State Superintendent may prescribe into elementary schools and high schools for the purpose of promoting the efficiency of the elementary schools, etc. Art. 2681 also expressly authorizes the county school trustees to call an annual joint meeting of the district and county school trustees to be held in August or September of each year for the purpose of considering questions dealing, among other things, with the classification of schools, and requires the county school trustees to be guided in their action by the result of the deliberation of such meeting, not inconsistent with law.

There was evidence in this case to the effect that appellant's schools, both white and negro, were each what is known as one-teacher schools; there are numerous other one-teacher schools in Freestone County; prior to the joint meeting of the district and county school trustees the State Superintendent of Public Instruction had advised the County Superintendent of Freestone County in writing that "one-teacher schools may teach as many as six grades" but a one-teacher school could not be classified to teach more than six grades if such school was to be recognized as an accredited school; all one-teacher schools in Freestone County were classified by appellee for the 1946-47 school year as sixth grade elementary schools and such action was taken by a majority of the members of the county board in good faith, without any ill-will, prejudice or bias for or against any of the school districts in Freestone County, the members of the county board relying in part upon the recommendations of the State Superintendent of Public In-

struction and in part upon their own judgment as to what was for the best interest of all concerned.

Although we find no provision in the statutes which expressly authorizes the county board of school trustees to designate the number of grades to be taught in schools classified by it as elementary or high schools, we find no provision which expressly prohibits such action. Art. 2714, relating to schools operating under the County Unit System, expressly provides that "the elementary schools of the county shall have grades from one to six inclusive." See also Arts. 2811 and 2922g of Vernon's Tex.Civ.Stats.

Construing all of the relevant statutes together, it appears to us that in the classification of graded schools of common school districts a reasonable designation made by a county board as to the number of grades to be taught in such schools, when made in good faith and in accordance with lawful instructions and regulations prescribed by the State Superintendent, constitutes the exercise of an administrative power which is necessarily vested in the county board by clear implication of the statutes. Therefore, we cannot hold that the attempted exercise of such power in this case was or is absolutely void. District Trustees of District No. 46 and Freestone County v. Trustees of Freestone County, Tex.Civ.App., 186 S.W.2d 378.

Furthermore, viewing all of the evidence in the light most favorable to appellee, as it is our duty under the circumstances to do, we cannot say as a matter of law that the action of appellee in classifying appellant's schools as sixth grade elementary schools was arbitrary, unreasonable or improper or that such action amounted to legal fraud.

Appellant also contends the judgment should be reversed because (1) the evidence shows it is a county line common school district and (2) appellee failed to prove it was vested with control over appellant. We overrule the contentions thus asserted because neither of such issues was raised by the pleadings of either party. Moreover, in our opinion, the burden was upon appellant to allege and prove that ap-

pellee had no control over it in order to require or justify the issuance of a temporary injunction against appellee on that ground.

Finding no reversible error in the case all of appellant's points are overruled and the judgment appealed from is affirmed.