**William P. HOLBROOK, an Ind., d/b/a Metropolitan Ambulance Service, Appellant,**

**v.**

**The CITY OF EL PASO, Texas, et al., Appellees.**

**No. 5685.**

Court of Civil Appeals of Texas.

El Paso.

March 25, 1964.

Rehearing Denied April 15, 1964.

Albert Armendariz, El Paso, for appellant.

Travis White, City Atty., Robert J. Galvan and Dan Garbern, Asst. City Attys., Pearson & Speer, El Paso, for appellees.

CLAYTON, Justice.

This is an appeal from an order of the Thirty-fourth District Court of El Paso County, Texas, denying an application for a temporary injunction.

By Ordinance No. 2919, effective July 1, 1963, the appellee City of El Paso passed an ordinance prohibiting engaging in the business of furnishing ambulance service without a franchise. By Ordinance No. 2973, approved August 29, 1963, franchises were granted to El Paso Ambulance Service, Inc., an appellee herein, and William Holbrook, doing business as Metropolitan Ambulance Service, appellant herein. This ordinance regulated the operation of ambulances by the franchise grantees thereunder, which franchises were to last for a period of one year unless sooner terminated in the manner and for the reasons stated in the ordinance. The ordinance recites:

" * * * The franchise herein granted is distinct and separate as to each of the grantees, the rights and obligations of one being in no wise dependent upon the rights and obligations of the other, the intent being to grant a separate franchise in identical terms to each grantee and the franchises being embodied in one instrument for convenience only."

It further recites:

"If the call for transportation of any person who is ill or injured is made by * * * the Police Department or Fire Department, the service will be furnished regardless of whether the ill or injured person is able to pay, and regardless of whether anyone will stand good for the charge. However, the requirement for service regardless of ability to pay shall not apply to the Grantee if the City makes a separate contract with some other franchised service to answer such calls, except when all available ambulances of the company which has the contract are already in use and it is necessary to call additional ambulances to take care of emergency calls."

On October 23, 1963, the City of El Paso entered in a contract with El Paso Ambulance Service wherein the City agreed to give to the service all ambulance calls made by the City Police or Fire Department, for the duration and subject to the terms of the ambulance franchise held by the service, but with the right of either party to the contract to terminate the same upon sixty days' written notice, unless the City should sooner terminate the same for failure of substantial compliance by the service.

Appellant Holbrook then filed this suit for a declaratory judgment holding such contract to be null and void, and for temporary and permanent injunction against the appellees City of El Paso and the El Paso Ambulance Service from operating under such contract. This appeal resulted from the interlocutory order of the trial

court denying the requested temporary injunction.

■ The scope of inquiry of an appellate court in reviewing matters involving the granting or refusal of a temporary injunction has been fully delineated by Texas authorities. To cite but one authority where the rules governing such review are set out, Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W.2d 819 (Civ. App., Ref., N.R.E.) recites the following:

"* * * The sole question to be here determined is whether or not the trial court abused its discretion in refusing the temporary injunction. City of Farmersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 272. In considering this matter, we must view all the evidence in a light most favorable to the trial court's judgment. District Trustees of Dist. No. 46 and Freestone County v. County Trustees of Freestone County, Tex.Civ.App., 197 S.W.2d 579. The granting or refusing of a temporary injunction is within the sound discretion of the trial court and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. Harding v. W. L. Pearson & Co., Tex.Com. App., 48 S.W.2d 964. * * * It is likewise a well settled rule of law that an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment or whether or not any reason at all is given. Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73."

To the foregoing the following is added by the Supreme Court in the case of Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits."

And even:

"* * * Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion."

In the instant case the trial court found "that Plaintiff has shown no probable right to relief", and his application for temporary injunction was denied.

■ Appellant's brief sets out as the findings of the trial court in its order denying the temporary injunction prayed for, the following:

(a) The ordinance forbidding the operation of ambulances without a franchise is valid.

(b) The franchises granted are valid.

(c) The subsequent contract between appellee City of El Paso and appellee El Paso Ambulance Service, Inc. is valid.

(d) Appellant has shown no probable right to relief and is not entitled to a temporary injunction.

Appellant then recites: "It is to the latter two findings that this appeal is directed * * *" Thus, whether findings of the trial court (a) and (b) are right, wrong or unnecessary, their correctness may be taken as admitted for the purposes of this appeal. The appellant's five points of error, then, must be directed to findings (c) and (d). These five points are: The trial court erred in entering judgment and re-

fusing to grant a temporary injunction for the reasons:

(1) That the contract between appellees is invalid because it violates provisions of the City Charter relative to franchises;

(2) That appellant has shown probable right to relief;

(3) That the contract between appellees is invalid because it creates an illegal monopoly;

(4) That the contract violates the contractual rights of appellant through appellant's franchise with the City; and

(5) That the contract is invalid as being an unreasonable, arbitrary and discriminatory exercise of governmental powers.

On the basis of the authorities heretofore cited and quoted from in this opinion, we take the position that only the second and fourth points of error listed above require discussion, since they alone bear on appellant's "probable right" to relief. The question of validity or invalidity of the contract referred to we consider to be immaterial to this appeal. This question could only be a matter for determination, if at all, on a final hearing on the merits, since even if such contract were here determined to be invalid, it is not seen how this holding alone would entitle appellant to a temporary injunction in the absence of a showing that appellant had a present "probable right" to relief. As we see it, appellant's position is that he, a stranger to the contract between the City and the El Paso Ambulance Service, had some probable right which existed before the execution of the contract, which right was violated to his probable injury by such contract (even though invalid); and that under such circumstances he was entitled to a temporary injunction to preserve the "status quo" which existed before the execution of the contract, until final determina-

tion of the rights of the parties in a trial on the merits. This we think he undertakes to assert in Points of Error (2) and (4) above: that he has shown a "probable right to relief", because the contract "violates the contractual rights of appellant through appellant's *franchise* with the City." (Emphasis supplied). Apparently following this line of argument, appellant then quotes in his brief from sections of Ordinance No. 2973 granting the franchises, as follows:

"Under Sec. 1, ' * * * the intent being to grant a separate franchise in *idential* (sic) *terms* to each grantee, and the franchise being embodied in one instrument for convenience only.'

"Under Sec. 2, ' * * * however, the requirement for service, regardless of ability to pay shall not apply to the grantee if the City makes a separate contract with some *other franchised* service to answer such calls.' " (Emphasis as supplied in brief.)

From the quoted and italicized portions of the City's ordinance the appellant draws the following conclusions:

" * * * The only reference to the possibility of someone getting the calls from the city refers to some other service and certainly cannot apply or mean to one or the other of the recipients of the franchise."

We place a different construction on the quoted wording of the ordinance. Since both ambulance services have separate but identical franchises, the phrase "some other franchised service" in one franchise means either the other then-franchised service or any service subsequently franchised. A careful reading of the franchise ordinance fails to reveal any language which could be interpreted as giving to appellant a contractual right to Police and Fire Department calls, these being "such calls" as are referred to in the quoted portion of the franchise. On the contrary, the very franchise granted to appellant by

the City and which appellant accepted and under which he is operating puts the appellant on notice that the City may enter into a contract with another ambulance service to answer "such calls".

Finding nothing in this record that substantiates appellant's claim in his point of error designated as (4) above that the disputed contract violates the contractual rights of appellant "through" or arising from his franchise with the City, we are constrained to overrule this point.

Again referring to the limited scope of inquiry in which this court may properly indulge in reviewing a matter of this sort, and after a careful examination of this record, we hold that the trial court acted within its discretion in finding that appellant had shown no probable right to relief and was therefore not entitled to a temporary injunction.

Appellant's points of error are accordingly overruled and the judgment of the trial court is affirmed.