Amy P. JORDAN et vir, Appellants,

v.

Charles D. CROCKETT et ux., Appellees.

No. 12157.

Court of Civil Appeals of Texas, Austin.

June 26, 1974.

Rehearing Denied July 17, 1974.

Benjamin D. Lucas, San Antonio, for appellants.

Benjamin Shefman, New Braunfels, for appellees.

O'QUINN, Justice.

Charles D. Crockett and wife brought this lawsuit to enforce specific performance of a contract to purchase a tract of land in Comal County from Amy P. Jordan and tendered payment of the balance remaining of the purchase price.

Trial was before the court without a jury, and the court entered judgment for Crockett and wife. Amy P. Jordan and her husband, who was joined below *pro forma*, have appealed on the sole ground that the judgment was not proper "because there had been a material breach of the contract which had resulted in forfeiture prior to the bringing of this suit."

Crockett and wife in reply contend that the judgment was correctly rendered because Mrs. Jordan in seeking forfeiture of interest and acceleration of indebtedness under the executory contract failed to comply with requirements of Article 1301b, Vernon's Ann.Civ.Sts. (Acts 1969, 61st., p. 1991, ch. 680, eff. Sept. 1, 1969).

We will overrule the contention of appellants and affirm the judgment of the trial court.

The trial court did not make and file findings of facts and conclusions of law, and the record does not disclose that findings and conclusions were requested. We have concluded that the trial court's judgment is correct, and we will sustain the judgment on any theory of law applicable to the record, although no reason for the judgment is stated. Holbrook v. City of El Paso, 377 S.W.2d 669 (Tex.Civ.App. El Paso 1964, writ ref. n. r. e.).

The contract in this case was entered into between the Crocketts and Mrs. Jordan on May 30, 1963, and thereafter the Crocketts went into possession of the property, where they resided, and in the course of years made valuable improvements. On occasions when Mrs. Jordan was away, sometimes out of this country, the Crocketts fell behind with their monthly installments. These delinquent payments were brought current by making back payments, together with added interest or penalty, which Mrs. Jordan continued to accept. At the time Mrs. Jordan sought to declare a forfeiture, on June 6, 1973, no monthly payment was due or unpaid.

In the early part of 1973 Mrs. Jordan learned that the Crocketts had been sued by taxing authorities for the collection of ad valorem taxes on the property. Under the contract the Crocketts were obligated to pay the taxes. Mrs. Jordan paid the taxes in full and obtained dismissal of the tax suit. Mrs. Jordan agreed with the

Crocketts to allow them to repay her for the taxes in monthly installments of $15. After payment of the first installment Mrs. Jordan declined to accept further payments, which were tendered by the Crocketts.

Mrs. Jordan testified that the tax problem prompted her to seek eviction of the Crocketts from the property, and for that and other reasons, sought forfeiture and acceleration under the contract with the Crocketts. She testified that the Crocketts carried on garage work at night which she considered a nuisance, that they kept barking dogs in their yard, could not get along with adjoining neighbors, and had been slow at times in the past in making installment payments.

There is evidence in the record sufficient to sustain a finding by the court that no delinquency existed at the time Mrs. Jordan sought to declare a forfeiture and acceleration under the contract. Late payments of monthly installments were repeatedly accepted by Mrs. Jordan under circumstances amounting to waiver of her right under the contract to enforce forfeiture and acceleration, and no installments were delinquent at the time she finally undertook to effect her remedy of forfeiture. Mrs. Jordan had refused to accept further payments on the taxes, which were tendered by the Crocketts, under the oral contract to allow discharge of that debt by installment payments, and the trial court may reasonably have determined that this delinquency, or breach, had been waived.

During the years the Crocketts occupied the premises they made substantial additions to the improvements, and at the trial there was evidence the property had increased in value from $6,500, at the time the contract was made, to about $13,000 at the time of trial. It is undisputed that the original debt of $6,500 had been reduced to less than $3,000 when Mrs. Jordan sought to effect a forfeiture. The trial court ordered payment of the contract balance, together with full reimbursement of taxes paid by Mrs. Jordan, out of a deposit lodged by the Crocketts with the clerk of the court. Mrs. Jordan was directed to execute a deed to the Crocketts.

Inasmuch as we have decided that the trial court's judgment is sustained on the theory of the law we have stated, we do not reach the issue of whether Article 1301b rendered Mrs. Jordan's attempt to declare forfeiture and acceleration a nullity.

The judgment of the trial court is affirmed.

Affirmed.